**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| CAROLYN GARRISON BOSTIC, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SCOTT O'NEAL BOSTIC, <br><br>　　　　Plaintiff, <br><br> v. <br><br> SANDRA M. BOSTIC AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br>　　　　Defendant. | Civil Action No.: <br><br><br><br> **NOTICE OF REMOVAL** |

The Prudential Insurance Company of America ("Prudential"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. By way of providing the Court with the basis for Prudential's request for removal, Prudential respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Prudential in such action:

1.　　　Upon information and belief, on or about April 28, 2014, Plaintiff, Carolyn Garrison Bostic, individually and as personal representative of the Estate of Scott O'Neal Bostic ("Carolyn"), filed the above-captioned action in the State of South Carolina, Court of Common Pleas, County of Greenville, in a matter pending as Docket Number 2014-CP-23-02380 (the "State Court Action"). *Copies of all process, pleadings, and orders served upon Prudential are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. §*

*1446(a)*.  Prudential was served with Plaintiff's Summons and Complaint on May 5, 2014.  This Notice of Removal is filed within the thirty-day period prescribed by 28 U.S.C. § 1446.

2.      This Court has original jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1446(a).

3.      The State Court Action is one that is subject to removal pursuant to 28 U.S.C. § 1441 because it arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

**THE PARTIES**

4.      Carolyn is the mother of Scott O'Neal Bostic (the "Insured") and is also the duly appointed Personal Representative of the Insured's estate.  *See* Complaint, ¶ 2.

5.      Upon information and belief, Carolyn was, at the time the State Court Action was commenced, and remains a South Carolina resident.

6.      Defendant Sandra M. Bostic ("Sandra") is the former wife of the Insured and designated beneficiary to benefits under a group life policy payable upon the death of the Insured.  *See* Complaint, ¶¶ 4-7.

7.      Upon information and belief, Sandra was, at the time the State Court Action was commenced, and remains a South Carolina resident.

8.      Upon information and belief, Sandra has not been served with the Complaint in this action.

9.      Prudential is an insurance company that, at the time of the Insured's death, provided life insurance to the Insured through his employer (the "Group Policy").  *See* Complaint, ¶¶ 6-7.

10. Prudential was, at the time the State Court Action was commenced, and remains a New Jersey corporation with its principal place of business in Newark, New Jersey.

## THE STATE COURT ACTION

11. The Complaint alleges that the Insured's estate and Carolyn are the proper beneficiaries to a policy of life insurance issued by Prudential by operation of South Carolina law. Specifically, the Complaint alleges that the designation of Sandra as beneficiary under the Group Policy was revoked as a matter of law, or in the alternative, to the extent South Carolina law is preempted by ERISA, Sandra is personally liable for payment of the insurance proceeds to the proper beneficiary, in this case Carolyn. *See* Complaint, ¶¶ 8-11.

12. The Complaint seeks (1) entry of an order revoking the beneficiary designation of Sandra M. Bostic, (2) entry of an order declaring the Group Policy proceeds are to be paid to Carolyn, either individually or as representative of the Insured's estate free and clear of any and all claims by Sandra, (3) entry of an order directing Prudential to not pay the Group Policy proceeds to either of the other parties until a decision has been made as to the proper recipient, and (4) entry of an order allowing Prudential to interplead the Group Policy proceeds into the Court and then dismissing Prudential from the action. *See* Complaint, Request for Relief.

## THIS COURT'S REMOVAL JURISDICTION

13. Title 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1331 (arising under the laws of the United States). In this action, Plaintiff

3

alleges claims to recover certain death benefit proceeds available under an employer provided group life insurance policy provided to its employees by Wal-Mart Stores, Inc. ("Wal-Mart"), and subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. ERISA governs employee benefit plans established or maintained "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003.

14.     Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15.     The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed within thirty (30) days after receipt of the Complaint by Prudential.

16.     The United States District Court for the District of South Carolina, Greenville Division, is the appropriate court to which this action should be removed because this district is the district embracing actions filed in the State of South Carolina, Court of Common Pleas, County of Greenville, in which the removed action was pending.

17.     A true and correct copy of this Notice of Removal is being served upon Carolyn as required by law under 28 U.S.C. § 1446(d).

18.     A true and correct copy of this Notice of Removal is also being filed promptly with the Clerk of the State of South Carolina, Count of Common Pleas, County of Greenville, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Prudential hereby removes this action, currently pending as Docket No. 2014-CP-23-02380 in the State of South Carolina, Court of Common Pleas, County of Greenville.

Respectfully submitted,

s/ Mark W. Bakker

Mark W. Bakker (Fed. I.D. No. 6885)
Sarah Sloan Batson (Fed. I.D. No.10849)
WYCHE, P.A.
44 E. Camperdown Way
Greenville, SC  29601
Telephone:  864-242-8200
Telecopier: 864-235-8900
E-Mail:      mbakker@wyche.com
             sbatson@wyche.com

*Attorneys for Defendant The Prudential*
*Insurance Company of America*

Dated:  June 2, 2014